# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**EMILY NADINE TAYLOR,**

    **Plaintiff,**

**v.**              **Case No:  6:19-cv-1228-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____

## MEMORANDUM OF DECISION

Elizabeth Nadine Taylor (Claimant) appeals the Commissioner of Social Security's final decision denying her application for supplemental security income (SSI).  Doc. 1.  Claimant raises a single primary argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be reversed and benefits granted, or, in the alternative, reversed and remanded for further proceedings.  *See* Doc. 30 at 11-16; 22-23.  The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that his decision is supported by substantial evidence and should be affirmed.  *Id*. at 16-22; 23-24.  For the reasons discussed below, it is **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

## I.  The ALJ's Decision

On October 19, 2015, Claimant applied for supplemental security income alleging a disability onset date of January 1, 2013.  R. 17.  The claim was denied initially and upon reconsideration.  R. 17.  On February 16, 2016, Claimant requested a hearing before an ALJ.  R. 17.  On July 23, 2018, Claimant appeared and testified at a hearing before ALJ Thomas J. Sanzi (the ALJ).  R. 17.  On October 2, 2019, the ALJ issued his decision finding Claimant not disabled.

R. 17-28.  In the decision, the ALJ explained that Claimant had filed a prior application that was denied by the Appeals Council on September 18, 2015; the ALJ found no basis to reopen that prior application and found that administrative finality applied through the denial date.  R. 17.  The ALJ thus explained:

> [A]lthough the claimant has alleged an onset date of January 1, 2013, the claimant is only eligible for benefits since October 19, 2015, the date of the claimant's current application for supplemental security income.  Accordingly, it is unnecessary to consider whether the claimant was disabled prior to the application date, and the period being adjudicated by this decision is from October 19, 2015 through the date of this decision.

R. 17.  In the decision, the ALJ found that Claimant had the following severe impairments: chronic kidney disease, stage four; gout; and bilateral ankle degenerative joint disease.  R. 19.[1]  The ALJ found that Claimant did not have an impairment that meets or medically equals the severity of one of the listed impairments.  R. 22.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 416.967(a)[2] except that Claimant "can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and occasionally balance, stoop, crouch, kneel, and crawl."  R. 23.  In light of this RFC, the ALJ found that Claimant is unable to perform his past relevant work but is able to perform other work in the national economy.  R. 27-28.  Thus,

---

[1] The ALJ also noted that Claimant had the following non-severe impairments: hypertension, migraines, and lumbago.  R. 20.  The ALJ explained that these impairments do not cause more than minimal functional limitations.  *Id.*

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

the ALJ concluded that Claimant was not disabled from the date the application was filed, October 19, 2015, through the date of the ALJ's decision.  R. 28.

### III.    Standard of Review

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'"  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### IV.    Discussion

Claimant appears to argue that the ALJ's decision to discount Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms—specifically pain—is

not supported by substantial evidence.  *See* Doc. 30 at 11-16. The Commissioner argues that the

ALJ provided specific reasons in support of the credibility determination, and that the credibility

determination is supported by substantial evidence.  *See id*. at 16-22

As an initial matter, Claimant states that the ALJ "erred in determining that claimant has

the residual functional capacity to perform sedentary [work] after failing to adequately assess the

claimant's creditability when he suffered from pain caused from several impairments," but

Claimant's argument does not otherwise address the RFC at all.  *See* Doc 30 at 11-15.  Indeed, the

above quoted sentence is the only time Claimant mentions the RFC throughout her entire

argument.  *See id.*  Rather, Claimant focuses on the point that the ALJ failed to "adequately address

Claimant's credibility."  *See id.*  Thus, Claimant presents no real argument as to the harm caused

by this alleged error, with respect to the error's effect on the RFC or otherwise.  *See id.*  To the

extent that Claimant intends to argue that the RFC is not supported by substantial evidence, that

argument is discernible through inference only and, at best, perfunctorily made—and therefore

waived.[3]  Additionally, even construing Claimant's argument as an assignment of error with

respect to the ALJ's decision finding Claimant not entirely credible, the Court is concerned about

the lack of argument addressing any harm caused by this alleged error. In his response, the

---

[3] *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Commissioner addresses this issue only in a roundabout way: through his argument that the RFC is supported by substantial evidence. Because the Court finds that Claimant's argument fails on other grounds, however, it need not make a finding regarding the harmlessness of the ALJ's decision to find Claimant not entirely credible.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d 1210. A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id*. at 1562.

Here, the ALJ summarized Claimant's statements as follows:

> The claimant reported that it takes her all day to do dishes or laundry. (Ex. B4E, p.2) She documented that she could sit for short periods, and could not stand or walk because it causes too much pain. (Ex. B4E, p. 3). At the hearing, the claimant

testified that she had a hard time walking. She stated that [s]he must frequently use the restroom. The claimant testified that her feet swell.  She states that some days, she could not get out of bed. (Hearing Testimony).

R. 23.  The ALJ then discussed the medical evidence of record.  R. 23-25.  The ALJ concluded

that "[C]laimant's impairments could reasonably be expected to cause the alleged symptoms;

however, the claimant's statements concerning the intensity, persistence and limiting effects of

these symptoms are not entirely consistent with the medical evidence and other evidence in the

record for the reasons explained in this decision."  R. 25.  The ALJ then explained:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because although the claimant experienced an injury to her foot and received a recommendation to use a walker in July and August 2016, she reported improvement in October 2016. (Ex. B10Fm p.2; Ex. B11F, p.1; Ex. B13F, p.1). On December 27, 2016, the claimant reported that her pain had been minimal, but that her activities were intentionally minimized. (Ex. B16F, p. 20). On September 28, 2017, the claimant underwent imaging of the right ankle that showed old osteochondral defect in the left talar dome and changes of osteoarthritis in the right ankle that both appeared stable. (Ex. B16F, p.36). On December 28, 2017, the claimant had minimal tenderness but localized anterior ankle with non-pitting edema. She had five out of five L2 to S1 motor power with pain-limited effort in painful areas. (Ex. B16F, p.2) Although the claimant testified that she experienced swelling, she had no edema on December 6, 2017, December 13, 2017, February 13, 2018, April 13, 2018, and June 18, 2018. (Ex. B17F, p.3; Ex. B19F, p. 3,5,11, and 14). Further, the claimant generally had normal gait. (Ex B1F, p.2; Ex. B5F, p. 6 and 9; Ex. B6F, o. 6, 9, 13, 14, 16, 19, 22, and 24; Ex. B13F, p.5). She generally had full strength in the extremities. (Ex. B5F, p. 6 and 9; Ex. B6F, o. 6,9,13,14,16,19,22, and 24). The claimant reported that she could go out alone, shop in stores, and care for her daughter.  (Ex. B5E, p.4; Hearing Testimony).

R. 25.  The ALJ then proceeded to discuss the opinion evidence of record and explain, perhaps

with more clarity, why he found Claimant's testimony inconsistent with the evidence of record.

R. 25-27.  The ALJ stated: "Although claimant testified that she had a hard time walking, she

generally had a normal gait. The claimant reported that she could go out alone and shop in stores.

At the hearing, the claimant testified that her feet swell. However, the claimant had no edema on

December 6, 2017, December 13, 2017, February 13, 2018, April 13, 2018, and June 18, 2018."

R. 26 (internal citations omitted).  The ALJ also noted that the third-party function report includes statements regarding Claimant's activities of daily living and alleged functional limitations that are generally consistent with Claimant's statements, however, the report documents no problems with personal care tasks.  *Id.* (internal citations omitted).

Thus, the ALJ found that Claimant's allegations concerning the intensity, persistence, and limiting effects of her impairments were "not entirely consistent with the medical evidence and other evidence in the record" because those allegations were not supported by the objective medical evidence and Claimant's own reports to medical providers.  *Id.*

The Court finds that the reasons articulated by the ALJ in support of his credibility determination are supported by substantial evidence, including the medical evidence of record concerning the severity of Claimant's impairments and Claimant's statements concerning her daily activities, such as going shopping, going out alone, and taking care of her daughter.  This evidence is, as the ALJ found, inconsistent with Claimant's testimony concerning her limitations.  Thus, the undersigned finds that the ALJ articulated good cause in finding Claimant's testimony not entirely credible and that the ALJ's reasons are supported by substantial evidence.  *See Foote*, 67 F.3d at 156162 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

The Court is not persuaded by Claimant's argument to the contrary.  Claimant appears to make an argument with respect to the ALJ's use of the word "injury," and the ALJ's statement that Claimant's activities were intentionally minimized.  *See* Doc. 30 at 13-14.  Claimant's intent in making these points is unclear to the Court, but to the extent Claimant attempts to present argument here, such argument is perfunctorily made and therefore waived.  *See, e.g.*, Jacobus, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).

Additionally, Claimant states that "the reasons provided by the ALJ represent evidence that has been cherry-picked to support his conclusion while ignoring evidence that supports the claimant's statements." *See* Doc. 30 at 13.  Claimant then details a single medical report from a single day. *Id.* at 14.  The Court has already discussed the ALJ's consideration of some of the medical evidence of record, and review of the ALJ's entire discussion of the medical evidence reveals that the ALJ noted objective medical evidence and opinion evidence—including evidence of the nature Claimant presents here—and found that Claimant's statements regarding the intensity, persistence, and limiting effect of Claimant's symptoms were not entirely consistent with such evidence.  Indeed, the ALJ's discussion covers evidence from multiple years, while Claimant takes issue with a single report on a single day; accordingly, Claimant's ostensible cherry-picking argument is not well-taken.

Claimant also states that "The ALJ indicates that the claimant had a generally normal gait. . . . However, the record shows that the claimant's gait was antalgic."  Doc. 30 at 15 (citing R. 25; 451, 455).  To the extent that claimant intends to raise some kind of argument here, that argument is perfunctorily made and is therefore waived.  *See, e.g.*, Jacobus, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned).  Moreover, the ALJ's statement that Claimant had a generally normal gait is supported by numerous citations to the record (*see* R. 22); Claimant's citation to two instances in the record where Claimant's gait was antalgic does not refute the ALJ's characterization of Claimant's gait as generally normal.

Finally, Claimant states that "the ALJ noted that the claimant was able to go out alone, shop in stores and care for her daughter."  Doc. 30 at 15.  Claimant appears to argue that these daily activities do not necessarily disqualify Claimant from disability (*see id.*); however, the ALJ

did not state that Claimant's daily activities were dispositive evidence of her ability to work—rather, the ALJ considered Claimant's daily activities in the context of a credibility finding. Thus, the apparent argument Claimant presents on this point is inapposite.

To the extent that Claimant presents any other argument in this section of her brief, such argument is perfunctory and therefore waived. *See, e.g.*, Jacobus, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned). Accordingly, because the Court finds that the ALJ did not err in articulating good cause in finding Claimant's testimony not entirely credible and further finds that the ALJ's reasons are supported by substantial evidence, the Court rejects Claimant's assignment of error.

## V.    CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1.    The final decision of the Commissioner is **AFFIRMED**; and

2.    The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

**ORDERED** in Orlando, Florida on June 11, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Thomas J. Sanzi
Administrative Law Judge
c/o Office of Hearings Operations
15th Floor
200 West Adams Street
Chicago, Illinois 60606-5208